Good morning, Your Honors, and may it please the Court. Melissa Murphy-Petros for the Defendant Appellant, Durham School Services. The District Court's order denying Durham's motion to compel arbitration should be reversed because Durham did not waive its right to the arbitration of plaintiff's claim. As to, first of all, the test that the District Court applied in the waiver of arbitration analysis, the District Court considered prejudice, which was impermissible under the Supreme Court's decision in Morgan in 2022, which held that prejudice to the party opposing arbitration is no longer a factor to be considered in the waiver analysis. Can we perform the waiver analysis just setting aside the prejudice prong and make a determination as to whether or not a waiver is made without consideration of that? Our read of the District Court's order is that the consideration of prejudice really does influence the Court's consideration of the other two factors, which were Durham's knowledge of the arbitration provision and Durham's allegedly inconsistent acts with arbitration. The way that the order is written, and it's a short order, so there's only so much I guess we can read into a paragraph, but it does seem to influence the District Court's decision. That said, however, the District Court did clearly delineate the actions of Durham that it believed to be inconsistent with arbitration, and that was Durham's participation in discovery pursuant to the Court's scheduling order, following the denial of its Rule 12 motion to dismiss, and then of course concluding right before the motions for summary judgment were filed. That was not inconsistent with its right to arbitration because Durham did move to dismiss on these third-party beneficiary issues, both the factual and legal It was not until the summary judgment order that the District Court finally ruled that the plaintiffs as district students are third-party beneficiaries of the contract, and that third-party beneficiaries have rights under Section 1981. Also, as to Durham's knowledge of the arbitration provision in the contract, which the District Court mentioned in the order, yes, Durham knew that the contract with the district has this arbitration provision. It did not know until the summary judgment order, however, that that contract pertained to plaintiffs' claim because plaintiffs are not signatories and they have claimed to be third-party beneficiaries, which the District Court You're not trying to enforce this against, your theory here is one of estoppel, not a third-party beneficiary, right? Yes. You already knew about that at the time. Well, that was already in the case, I mean, from the time the complaint was filed. Well, yeah, I was sorry to speak over you, Your Honor. Actually, I mean, from the time the complaint was filed, the issue of whether the plaintiffs were third-party beneficiaries was contested by the parties. The issue of whether third-party beneficiaries have rights under Section 1981 was contested by the parties. So, we never conceded that. We sought dismissal on those grounds. That was denied. We then moved for summary judgment on those grounds, and it was not until that order that was entered on November 8th of 2023 that the District Court said the district students are, in fact, third-party beneficiaries. Third-party beneficiaries, in the District Court's opinion, have rights under Section 1981. We then moved to compel arbitration within three weeks after that holding, but until the District Court issued those findings, there was nothing for us, I suppose, to move to compel. You know, and I think it's important to remember that the plaintiff's claim here is brought under Section 1981, only under Section 1981, and so it requires a contractual relationship between the plaintiffs and Durham in order to survive. If there's no contractual relationship, plaintiffs do not have a claim under 1981. So, once the District Court made its rulings on those third-party beneficiary issues, both factual and legal, within three weeks we moved to compel arbitration. And, yes, to your point, our view is that the plaintiffs, although they are non-signatories, are bound to the contract through direct benefits estoppel under Missouri law. Again, their claim is based solely on the contract. But the operative part of that provision says that it's the parties who are bound. Parties are bound to arbitration. Isn't that right? It does say that, yes. So that doesn't want to include a third-party beneficiary. The specific language of the arbitration provision, you're correct, pertains to the signatories. The entire contract pertains only to the signatories. But the direct benefits estoppel, which is supported by Missouri law, says non-signatories may be bound by an arbitration provision if they are, and, you know, the phrase knowingly seeking and obtaining a benefit under the contract, seeking to enforce the contract, or asserting a claim that must be determined by reference to the contract. And here, Section 1981 prohibits racial discrimination only in the specific context of contracts. So the plaintiffs must be third-party beneficiaries of the contract, which the district court has now found that they are, and their claim cannot be determined absent the contract. If there's no claim on the contract between them and Durham, then they have no claim under Section 1981, and the whole case would have to be dismissed. But you were aware of the existence of this estoppel argument at the time that the initial complaint was filed. The estoppel argument wasn't actually raised until we get to appeal, right? The estoppel argument was actually raised in our motion to compel arbitration. We did argue, I will say that the motion does not use the phrase direct benefits estoppel. I acknowledge that. It does say, however, that because plaintiffs are seeking to benefit from the contract through their 1981 claim, that they must be held to all provisions of the contract, which would include the arbitration provision. And that was sufficient to raise the issue of direct benefits estoppel such that it is preserved on appeal, even though no one ever saw that phrase until it got here? Well, I believe that the district court saw that phrase because it's in our motion to compel arbitration. The district court, you know, did not reach any of these arguments. The district court found that we had waived arbitration, and so it did not reach any of the arguments raised as to whether a plaintiff's claim falls within the arbitration provision, and whether they are stopped from not participating in arbitration through direct benefits estoppel. You know, ordinarily, if we say that you haven't preserved the, haven't raised direct benefits estoppel in a way that it was understood to be direct benefits estoppel, rather than a bare enforcement of some contract provision, then you can't raise it here unless it's a purely legal issue and requires no factual development. Or you have to demonstrate the existence of some manifest injustice under our case in Dunn v. Doe's. Right? Well, again, I would direct your attention to our motion to compel arbitration, where, you know, we did argue that the contract is the sole basis of plaintiff's Section 1981 claim without this contractual relationship. But here's the thing, is that you could have mentioned arbitration at any point, right? You could have mentioned it at the very beginning, in your very first motion, on the very first day, because you knew that the arbitration agreement existed, right? And by not asserting it, you let everybody go through discovery. And discovery in a way which was, you know, listen, I'm a district judge, and I look at the discovery that was done, and it was way broader than what you would look for if the only issue that we were trying to decide was the existence of the contract to arbitrate based on a third party beneficiary being, having direct benefits estoppel, right? I mean, if you'd have said that in the outset, and you'd have said you were going to seek arbitration, then the issue that would have been open for discovery would have been very narrowly tailored. And actually, seems to me like literally no discovery would have been necessary to actually reach that question, because the question would be, are they a third party beneficiary under these facts? And whatever facts are necessary for that, it wouldn't take much to develop them. But this discovery went on for a lot longer than that. It went on for over a year. And it kind of has that look, like this is a case where you took one bite at the apple, and you lost, and then you came up with the bite number two, right? Which is exactly what we don't let you do, is litigate to hope you win on the merits, and when you don't win on the merits, you say, oh, by the way, I need to arbitrate now. MS. HAYES A few points in response. First of all, arbitration is not a mandatory affirmative defense. In our affirmative defenses, we did plead that the plaintiffs were not third party beneficiaries of the contract. Again, you know, there are two factors that had to be decided by the district court in order for this claim to survive. That plaintiffs are third party beneficiaries, and that as a legal matter, which is a purely legal question, do third party beneficiaries have rights to bring a claim under Section 1981? We did move to dismiss on both of those grounds. That motion was denied. So then, of course, we had to move into discovery. And then we raised those arguments again on summary judgment after the close of discovery, and that's when the district court finally issued definitive rulings that they are third party beneficiaries and that third party beneficiaries have these rights. We moved to compel arbitration within three weeks. We did, and I acknowledge the phrase direct benefits estoppel is not mentioned in the motion to compel, is the essence of direct benefits estoppel. You are benefiting from this contract to state a claim under Section 1981, so you are bound by the contract's provisions. Unfortunately, it does, you know, there were long delays in here in terms of when things were ruled on as well. We filed our motion for summary judgment on July 5th. It was not ruled upon until November 8th. Some of those things were certainly out of Durham's control. But the record clearly establishes that, you know, again, that the district court truly did not apply the correct test. The district court relied heavily on prejudice and that we believe that does influence his consideration, and it's certainly not harmless error to disregard a Supreme Court decision which sets forth a new test in the waiver of arbitration analysis. There's a request for sanctions. Would you like to speak to that? The sanctions, I think, first of all, I will say the plaintiffs have not filed a motion under Rule 38 for sanctions. They did reference it in their brief. This is not a frivolous appeal. The outcome of this appeal is not certain. We have a good faith basis in law and in fact to argue that our motion to compel arbitration was improperly denied because under the circumstances here, we did not act inconsistently with arbitration. And we'll say some of the circumstances here do present, you know, the question of whether a third party beneficiary has rights under Section 1981 is one of first impression that has not yet been decided by either this court or the Supreme Court. So to, I think, to say that this appeal is frivolous is really beyond the pale. We acknowledge every appeal one brings, you may not win. But that does not mean that the appeal is frivolous. It's not. I'll reserve the rest of my time. Thank you. All right. Ms. Dugan, you may proceed. Good morning, Your Honors, and may it please the Court. Sarah Dugan here for the plaintiff. Your Honors, what the defendant appellate are asking you to do today is to create a do-over rule. This is clear because the Hooper Rule says to preserve a right to arbitrate, a party needs to do all that can have been reasonably been expected to do at the earliest feasible determination. In this case, the earliest feasible determination would have been the second that they laid eyes on the complaint that called them, that called our clients, third party beneficiaries, to a contract, a contract that contains an arbitration agreement. So then next, we ask ourselves, how is an arbitration agreement waived? I want to discuss the improper original elements that were applied to this case, and I want to also point out that it is a harmless error that those were applied. And the reason being is Judge Gary Finner is not a one-hell law student. He knows the difference between and and or. The original elements applied here heightened the plaintiff's burden. The judge did not decide harmless error, or sorry, the judge did not decide waiver based on prejudice alone. That was an and element. And so now with our new Morgan factors, we don't consider prejudice anymore. So my argument here will focus here on waiver. Waiver is when the defense knew that they had a right to arbitrate and they acted inconsistent with that right. So another new definition that the defense would like this court to adopt is what the definition of no means. No does not mean when the defense finds out or a court decides that the plaintiff has a right to arbitrate. No means that they possess the agreement. That's according to Messina. No means that they negotiated the agreement. That's according to Sisko. And no means drafted the agreement, and that's according to Erdham. No does not mean a judge decided that the plaintiff had a right. So second, we talk about how a defendant can act inconsistent with that right. To act inconsistent with that right, they will substantially invoke the litigation machinery. And how does that happen? Well first, it happens by litigating too long. This case has very clearly been litigated too long to compel arbitration. We were twelve months into this case until they decided to compel more of what's been done. During this case, there have been depositions, there have been motions, there have been motions made by the defendant. There have been summary judgment motions that they lost. And so I hear, and I've seen in the briefing, that the defense would like to say that they were forced to do those things. That because the district court refused to rule on the third party beneficiary initially, that they had no choice but to participate. But that argument has failed over and over again. For example, that argument failed in Sisko. And there the defense said, hey, we had to participate in discovery. The court was going to force us to do it. And if we don't, then we're going to face whatever consequences for that. They declined. They declined that. Because what's reasonably feasible here is bringing it up in an affirmative defense. And I agree with the defense, that it's not a mandatory affirmative defense. But if you look at every case law here, like I said, Messina, Sisko, Erdem, Morgan, every single one of those points out defense. Why didn't you bring it up in your affirmative defenses? It was not until the 11th hour that arbitration was even spoken about. And I'd also like to point out the estoppel argument here. So I don't think that there's any case law that would say that the essence would be something to be considered later on at an appellate level. Estoppel was not brought up at the district court level. And an argument saying that the essence of should fail. So now we get to the frivolous nature of this. First of all, I think it's kind of a fundamental issue here about what is the purpose of arbitration. Arbitration is for litigation costs. Arbitration is to keep things out of the public view. None of the fundamental reasons of arbitration are going to be expressed here. And really, that's a philosophical issue. Secondly, again, the defense is bringing up issues for the first time, like estoppel. And lastly, even if this court found that they did not waive arbitration, it's still not an enforceable arbitration agreement because the defense themselves didn't follow their prerequisites for filing an arbitration agreement. What this essentially is here is a form of gamesmanship. And there are two cases here that would agree with me on that. One of them, which is not in our briefing, but I have a duty to this court to report, that in July of 2024, this court, an NRA PON America consumer data breach litigation, applied the Morgan factors to a waiver of arbitration and reaffirmed that the worst possible reason to move to compel arbitration sooner is gamesmanship. And that's exactly what we're being faced with here. They waited until they could see what the court was going to rule and then decided at the 11th hour, we need to pivot. Are there any questions from the  I noticed you had a request for sanctions, but there was no motion for sanctions. So I think you said you were going to make one. Yes, I do believe that my colleagues intend to make one. Well, the problem with that is that if a motion is made, then we have to give notice and we'll have to engage in another, some sort of event of a judicial character to decide that. And I'm not sure that that's an appropriate use of the court's time. They could have made a motion earlier and there could have been a response. Do you follow the question? There's a due process consideration here is they have notice, an opportunity for notice and the right to be heard. And if you're calling on us to make that decision here, they will have received some sort of tangential notice, but they've never been afforded the opportunity to actually be heard evidentiary wise on a motion. And it is fraught with evidentiary, factual importance, right? Because frivolity really requires us to look at the underlying reasons that certain actions were taken. Yeah, and the alternative then, what we are asking the court to do is to adopt a test for frivolity. So in the future, motions to stay are, like Judge Gary Finner said, basically his hands won't be tied. Well, as I read it, your suggestion was rather narrow, or at least it had a narrow part. And it seemed to me you were suggesting that the district court ought to be able to certify something and essentially tell the Court of Appeals to expedite it. I don't think, we already have a rule. First of all, whether to expedite an appeal is up to the Court of Appeals and not to a district court. But second of all, we have a rule that allows us already to expedite an appeal on motion. We also have a rule that allows us to dismiss a case when we think it's frivolous. Absolutely. There's a point. I'm sorry. No, sorry. That is, I don't, I mean, I realize that the cases that you cited have developed these kinds of procedures sort of did so on their own hook, sometimes not even in an in-bank opinion, but in a panel opinion. And it, I mean, it strikes me to ask a particular panel to, nevertheless, these precedents, to the contrary, notwithstanding, to establish a rule of this sort in the context of a case without going through some sort of rulemaking procedures, a little extraordinary. But I realize you have some precedents on your part. It just struck me as something that would require a little more collegial consultation than just one single panel opinion apparently creating a procedure that would bind the court. So I think that's a consideration for us. Yeah, and what we're asking for is, in this case, what the defense filed a motion to stay the proceedings pending the outcome of this motion to compel arbitration. What we are asking for is a rule that in the future that the motion, that the judge's hands don't feel tied by a motion to stay, that the case can continue on during this, during these appeals. So really what we're asking is for the district court to be empowered to deny a motion to stay, which was the apprehension that Judge Finner had at our district level. Lastly, thank you. Well, judges, if there aren't any more questions, I will not waste the court's time on any more of the frivolous appeal in front of us today. Are there any more questions? I think not. Okay, thank you very much. Thank you. Counsel, you have just under two minutes. You may proceed. Yes, thank you. I just have a couple quick points I would like to make. First of all, with respect to the arguments that Durham should have moved to compel arbitration immediately upon being served with the complaint and so forth, I think those arguments would actually make sense if the plaintiffs were signatories to this contract. The plaintiffs are not, and the contract does not expressly provide for district students as third-party beneficiaries. So those were contested issues. And so I believe that to hold that we waived arbitration because we didn't basically concede that the plaintiffs are third-party beneficiaries with rights under Section 1981 would be a very severe penalty, again, under the unique circumstances that we have, where it was not decided until just this past November that the plaintiffs, in fact, are third-party beneficiaries with Section 1981 rights. As to the district court and our order asking that the proceedings be stayed pending the resolution of this appeal, that motion was granted because that's what the Supreme Court has ordered in the Coinbase case, which we cited. Certainly, the district court was correct. It did not have a choice with respect to the stay, but that's what the Supreme Court has held, that when these appeals are taken, district court proceedings be stayed until the appeal on the arbitration issue is resolved. Unless the court has any further questions for me, we request reversal for these reasons and those set forth in our briefs. Thank you. Thank you very much, counsel. The court appreciates your argument today and the case is submitted. The court will render a decision in due course. You may stand aside.